UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
NAPOLEON MADRID,

                          Petitioner,

-against-

JOSEPH T. SMITH, SUPERINTENDENT,

                          Respondent.
-------------------------------------------------X

**ORDER**
08-CV-5262 (SJF)

FEUERSTEIN, J.

Incarcerated petitioner Napoleon Madrid ("Madrid" or "petitioner") has filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Madrid's petition is denied in all respects.

I.    Background

    A.    Factual Background.[1]

On February 15, 2004, petitioner had a dispute with his wife, during which his wife informed him that their three (3)-year-old son had been fathered by another man. Shortly thereafter, petitioner strangled and stabbed his wife to death. Later that day, petitioner turned himself in to the Freeport Police.

---

[1] Facts are taken from the trial testimony, the parties' memoranda of law, and the affidavit submitted in support of respondent's opposition.

1

Petitioner was tried in the Nassau County Court on one (1) count of murder in the second degree, in violation of Penal Law § 125.25[1]. T876-77.[2] At trial, the People introduced, inter alia, the following evidence: (1) petitioner's oral and written confessions, T137-39, T273-83; (2) an audio recording of petitioner's seven (7)-year-old daughter's telephone call to 911, T286-88; (3) photographs from the autopsy of petitioner's wife, T494-99; and (4) DNA evidence linking petitioner to the crime, T426-31, T442-44. The defense argued that petitioner's actions were motivated by an extreme emotional disturbance. T880-84.

Petitioner was found guilty of murder in the second degree, and was subsequently sentenced to an indeterminate term of twenty-five (25) years to life in prison. Affidavit of Lauren Del Giorno ("Del Giorno Aff.") [Docket Entry No. 7] at ¶ 5. Petitioner is currently incarcerated at Shawangunk Correctional Facility in Wallkill, New York.

B. Procedural History.

Petitioner appealed from his judgment of conviction to the Appellate Division, Second Department, arguing: (1) that he had been denied effective assistance of counsel; (2) that the verdict was against the weight of the evidence; (3) that the trial court erred in admitting an autopsy photograph; (4) that the sentence constituted cruel and unusual punishment in violation of the Eighth Amendment; (5) that the trial court erred in admitting the 911 audio tape; and (6) that the trial court erred in failing to deliver a "balanced" interested witness charge. Del Giorno

---

[2] References to the trial transcript will be indicated as "T__."

Aff. at ¶¶ 6-7.[3]

By order dated June 3, 2008, the Appellate Division unanimously affirmed petitioner's judgment of conviction. Id. at ¶ 8; People v. Madrid, 52 A.D.3d 532 (2d Dep't 2008). On September 30, 2008, the Court of Appeals denied leave to appeal. Del Giorno Aff. at ¶ 9; People v. Madrid, 11 N.Y.3d 790 (2008). Petitioner has not collaterally attacked his conviction in state court. Del Giorno Aff. at ¶ 10.

II. Discussion

    A. Standard of Review.

Pursuant to 28 U.S.C. § 2254(d), an application for a writ of habeas corpus:

[S]hall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"An 'adjudication on the merits' is one that '(1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007) (citing Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

The Supreme Court has stated that "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." Harrington v. Richter, 562 U.S. ----, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

---

[3] The first four (4) arguments were raised in a brief filed by petitioner's appellate counsel. The last two (2) arguments were raised in a supplemental brief filed by petitioner himself. Del Giorno Aff. at ¶¶ 6-7.

3

"Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stephens, J., concurring)). A state court's "unreasonable application" of law must have been more than "incorrect or erroneous;" it must have been "objectively unreasonable." Sellan, 261 F.3d at 315 (quotations and citation omitted); see also Sorto v. Herbert, 497 F.3d 163, 169 (2d Cir. 2007).

Claims that were not adjudicated on the merits in state court are not subject to the deferential standard that applies under AEDPA. See Cone v. Bell, 556 U.S. 449, 129 S.Ct. 1769, 1784, 173 L.Ed.2d 701 (2009) (citing 28 U.S.C. § 2254(d)). But where AEDPA's deferential standard of review does apply, the "state court's determination of a factual issue is presumed to be correct, and may only be rebutted by clear and convincing evidence." Bierenbaum v. Graham, 607 F.3d 36, 48 (2d Cir. 2010) (citing 28 U.S.C. § 2254(e)(1)). Under AEDPA's deferential standard of review, "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a petitioner made insufficient effort to pursue in state proceedings.'" Cullen v. Pinholster, --- U.S. ----, 131 S.Ct. 1388, 1401, 179 L.Ed.2d 557 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 437, 120 S.Ct. 1495, 146 L.Ed.2d 435 (2000)). Federal habeas review is limited to determining whether a petitioner's custody violates federal law, see 28 U.S.C. § 2254(a), and "does not lie for errors of state law." Swarthout v. Cooke, --- U.S. ----, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011).

B.  Petitioner's Arguments.

Petitioner seeks a writ of habeas corpus on the following six (6) grounds, which are largely – although not precisely – the same as those raised in his state court appeal: (1) that he received constitutionally ineffective assistance of counsel at trial; (2) that the evidence was legally insufficient to prove second-degree murder; (3) that admission of a particular autopsy photograph deprived him of a fair trial; (4) that his sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment; (5) that the trial court erred in admitting an "inaudible" audio tape into evidence; and (6) that the trial court erred in failing to instruct the jury that prosecution's witnesses "might be interested." Petitioner's Memorandum [Docket Entry No. 2] ("Pet. Mem.") at 7-41.

C.  Ineffective Assistance of Counsel.

First, respondent contends that the petition contains both exhausted and unexhausted claims, and should therefore be dismissed as a "mixed" petition. Respondent's Brief in Opposition [Docket Entry No. 7] ("Resp. Br.") at 5-7. Specifically, respondent argues that petitioner's ineffective assistance of counsel claim involves matters outside the record, and must therefore be raised in a motion pursuant to Criminal Procedure Law § 440.10 before being raised in a habeas petition. Id.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); see also Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a

habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies."). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Cornell v. Kirkpatrick, 665 F.3d 369, 375 (2d Cir. 2011) (quoting Carvajal, 633 F.3d at 104). In order to exhaust his state remedies, petitioner must "'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010) (quoting Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004)). This means that the "petitioner must 'present[] his [or her] claim to the highest court of the state.'" Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005) (quoting Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000)).

Petitioner raises substantially the same ineffective assistance arguments as he did on appeal, arguing that the "cumulative effect" of various errors by trial counsel deprived him of his rights under the Sixth Amendment. Pet. Mem. at 7-13. As the Appellate Division found, at least one of these objections – counsel's failure to adequately prepare defendant's expert witness – implicated issues that were outside of the trial record, and therefore could not be reviewed on direct appeal. Madrid, 52 A.D.2d at 533; see also People v. Rohlehr, 87 A.D.3d 603, 604, 927 N.Y.S.2d 919, 920 (2d Dep't 2011) ("The appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the trial record is pursuant to C.P.L. 440.10, where matters dehors the record may be considered.") (citation omitted). As petitioner never filed a motion pursuant to C.P.L. § 440.10, his ineffective assistance claim is partially unexhausted. See Anthoulis v. New York, No. 11 Civ. 1908, 2012 WL 194978, at *3

6

(E.D.N.Y. Jan. 23, 2012) ("[T]o properly exhaust an ineffective assistance of counsel claim that relies on evidence outside the pretrial and trial record, petitioner must raise it as part of a motion to vacate judgment under CPL § 440.10 and then seek leave to appeal to the Appellate Division.").

"Where a petitioner raises both exhausted and unexhausted claims, [the Court] ha[s] three options." Id. at *5. First, the Court may dismiss the entire petition without prejudice, giving petitioner the opportunity to exhaust any remaining claims before re-filing his petition. Id. Second, if the Court finds the unexhausted claim to be "plainly meritless," it may deny that claim on its merits and rule on the remaining claims. Id.; see also Ortiz v. Heath, No. 10-CV-1492, 2011 WL 1331509, at *10-13 (E.D.N.Y. Apr. 6, 2011). Third, the Court may stay the petition and hold it in abeyance so that the petitioner can exhaust his unexhausted claims. Id.

To the extent it is unexhausted, petitioner's ineffective assistance of counsel claim is plainly meritless. Accordingly, as discussed below, it denies this claim on its merits and will rule on the remaining claims.

       1.     Petitioner's Unexhausted Claim.

In order to prevail on an ineffective assistance of counsel claim, a defendant must satisfy a two-pronged test: "(1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance, and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

7

Bennett v. United States, 663 F.3d 71, 84 (2d Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (internal citations and quotation marks omitted). "[I]t is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

Petitioner's unexhausted claims are that his trial counsel: (1) hired an unqualified expert witness; and (2) failed to properly prepare that expert witness for his testimony. See Pet. Mem. at 8, 11-12.

"The decision to call an expert witness is a strategic decision for the defense counsel, and generally should not be disturbed." Mazique v. Ercole, 06-cv-1723, 2008 WL 2884370, at *9 (E.D.N.Y. July 23, 2008) (citing United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987)). Petitioner's expert was a psychologist with thirty four (34) years' experience, which included experience testifying in court. T638-642. Petitioner's criticisms of the expert's qualifications – including the fact that he had not previously testified in a criminal trial – are without merit, and the expert's testimony only supported petitioner's defense of extreme emotional disturbance. See T660 (testifying that petitioner suffered from "an emotional state where he was so emotionally disturbed, that he could not stop [the killing]"). Defense counsel's decision to engage him as an expert did not fall outside the "wide range of professionally competent assistance." Furthermore, petitioner's claim that his expert witness was inadequately prepared is merely conclusory and unsupported by evidence. Even assuming arguendo that counsel's actions were deficient, petitioner cannot establish that any failures raised a reasonable probability of a different outcome. Again, the expert's testimony only supported petitioner's

defense of extreme emotional disturbance. See, e.g., Mastowski v. Superintendent, No. 10-CV-0445T, 2011 WL 4955029, at *17-18 (W.D.N.Y. Oct. 18, 2011); Gills v. Edwards, 445 F.Supp.2d 221, 232 (N.D.N.Y. 2006).

2. Petitioner's Remaining Ineffective Assistance Claims.

Petitioner's remaining ineffective assistance allegations, even considered in their entirety, fall far short of demonstrating ineffective assistance of counsel. Petitioner claims, inter alia, that his attorney delivered an "incoherent" opening statement, "insulted" the jury, asked confusing questions during examination, made "improper" objections, and elicited details about the crime that were prejudicial to his client. See Pet. Mem. at 7-13.

"The Strickland standard is 'highly demanding.'" Bennett, 663 F.3d at 85 (quoting Kimmelman v. Morrison, 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal quotation marks omitted). Petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Upon reviewing the trial record, the Court finds that counsel provided competent and vigorous representation at trial. At least some of the alleged errors by counsel were strategic decisions, none of which were unreasonable under the circumstances. To the extent petitioner identifies particular questions or statements that were awkwardly phrased or confusing, he has

9

not identified any failures falling outside the range of reasonable professional assistance. Thus, petitioner fails to satisfy the first prong of Strickland. See, e.g., United States v. Hon, 17 F.3d 21, 27 (2d Cir. 1994) ("merely inarticulate" comment in closing statement did not constitute ineffective assistance); United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987); United States v. Sanchez, 790 F.2d 245, 253 (2d Cir. 1986) ("A defendant, of course, may not claim ineffective assistance of counsel merely because in hindsight he thinks counsel's trial strategy was inadequate."); see also Oyague v. Artuz, 393 F.3d 99, 107 (2d Cir. 2004) ("We have long said that a defendant is not entitled to representation by a 'modern-day Clarence Darrow' – mere competence will suffice.").

In any event, the evidence against petitioner was overwhelming; even if counsel's alleged failures were objectively unreasonable, there is no reasonable probability that, but for the alleged errors, the result of the proceeding would have been different. See Strickland at 694.

D. Remaining Claims.

1. Sufficiency of the Evidence.

Petitioner argues that the evidence was "legally insufficient" to support his conviction on the second degree murder charge because, at trial, he established that he had been acting under an "extreme emotional disturbance" when he killed his wife. See Pet. Br. at 14-22. First, it would appear that any such claim is unexhausted because petitioner failed to raise a sufficiency of the evidence argument in his state court appeal. Petitioner's similar argument in the Appellate Division challenged the weight of the evidence, not legal sufficiency. See Williams v. Marshall, No. 09 Civ. 7411, 2011 WL 2175810, at *9 (S.D.N.Y. Mar. 30, 2011) ("[W]hile a sufficiency-

of-the-evidence claim is based on the United States Constitution, a weight-of-the-evidence claim is based purely on state law."). Accordingly, he did not "fairly present" the constitutional claim to the state courts. Id. (finding habeas petitioner's sufficiency of the evidence claim unexhausted when only weight of the evidence claim raised in state court). However, this claim is "deemed exhausted" and procedurally barred because petitioner no longer has a state court remedy. See, e.g., id.; Collins v. Artus, No. 08 Civ. 1936, 2009 WL 2633636, at *9 (S.D.N.Y. Aug. 26, 2009) ("[A] claim may be deemed exhausted by a federal court if it is clear that the state court would find the claim defaulted."). Since petitioner could have raised his sufficiency of the evidence claim in state court, but did not, he is barred from raising it in his habeas petition. See Morales v. Superintendent Dale Artus, No. 05 Civ. 3542, 2006 WL 3821488, at *20-22 (S.D.N.Y. Dec. 28, 2006). Petitioner has failed to show any "cause" and "prejudice" or any "fundamental miscarriage of justice" that would avoid procedural default. Id. at *22.

In any event, the sufficiency of the evidence claim is clearly without merit. "The standard of review of a sufficiency claim by a federal habeas court is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Wheel v. Robinson, 34 F.3d 60, 66 (2d Cir. 1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)) (internal quotation marks omitted). The evidence against petitioner at trial included, inter alia, DNA evidence, an audio tape, and his own confessions. Petitioner's claim that he was operating under an extreme emotional disturbance was presented to and rejected by the jury. Viewing the evidence in the light most favorable to the prosecution, as it must, the Court finds that a rational trier of fact could have found petitioner guilty of second-

11

degree murder beyond a reasonable doubt.

To the extent petitioner intends to argue that the verdict was against the weight of the evidence, the Court will not consider the claim because "[a] 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5) . . . ." Correa v. Duncan, 172 F.Supp.2d 378, 381 (E.D.N.Y. 2001); see also Andrews v. LeClaire, 709 F.Supp.2d 269, 278-79 (S.D.N.Y. 2010) ("[E]rrors by the court on issues of state law are not reviewable by federal courts in a habeas petition.").

2. Admission of Autopsy Photograph and Audio Tape at Trial.

Next, petitioner claims that the trial court erred in admitting: (1) "a particularly gruesome" autopsy photograph; and (2) an "inaudible" 911 tape into evidence. Pet. Mem. at 23-26, 30-35.

As an initial matter, there is no indication that the trial court's evidentiary rulings were erroneous. As to the autopsy photograph, even "gruesome" photographs that "tend to arouse passion" against a defendant should not be excluded unless the "sole purpose is to arouse the emotions of the jury and to prejudice the defendant." People v. Pobliner, 32 N.Y.2d 356, 369-70 (1973). The autopsy photograph was probative of significant issues at the trial, including the number of stab wounds petitioner inflicted on his wife. There is no evidence that the sole purpose of the photograph was to prejudice petitioner.

The audio tape of the 911 call need only have been excluded if it was "so inaudible and indistinct that the jury would have had to speculate as to the contents thereof." People v. Daley, 31 A.D.3d 661, 662, 818 N.Y.S.2d 300 (2d Dep't 2006) (internal quotation marks omitted).

12

Although defense counsel stated that "some" of the tape was "inaudible," T86-89, the tape was sufficiently audible for Detective Aponte – a certified Spanish language translator – to translate significant portions of it. T287.[4] Furthermore, the Court is unaware of any comments or complaints by the court or by any juror that the tape was inaudible or could not be understood.

Moreover, "[e]rroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus. Rather, the writ would issue *only* where petitioner can show that the error deprived [him] of a *fundamentally fair trial*." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983) (citing cases) (emphasis in original). Even if the trial court did commit error in admitting either piece of evidence, petitioner does not show that he was deprived of a fundamentally fair trial.

3.   Eighth Amendment Violation.

Petitioner further argues that trial court's imposition of the maximum allowable sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. Pet. Mem. at 27-29. The Court disagrees.

The Eighth Amendment prohibits prison terms that are "grossly disproportionate" to the crime of conviction. United States v. Bullock, 550 F.3d 247, 252 (2d Cir. 2008) (citing Harmelin v. Michigan, 501 U.S. 957, 960, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., plurality opinion)). Only in the "exceedingly rare" case will a non-capital sentence be found "grossly disproportionate." United States v. Yousef, 327 F.3d 56, 163 (2d Cir. 2003). "No

---

[4] Detective Aponte testified that he "heard [on the tape] . . . what he believe[d] to be a young female," stating in Spanish: "Daddy, don't do that, please. No. Look, look what you did to mommy . . . You killed her." T287.

13

federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

First, this claim has been procedurally defaulted because, as the Appellate Division held, it was unpreserved for appellate review. See Madrid, 52 A.D.3d at 533; see also Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

In any event, as petitioner recognizes in his brief, Pet. Br. at 27, his prison sentence of twenty-five (25) years to life was within the range prescribed by state law. Petitioner was convicted of murder in the second degree, a class A-I felony. Under the version of the Penal Law in effect at the time of petitioner's sentencing, a class A-I felony was punishable by up to life imprisonment. Thus, "[n]o federal constitutional issue is presented" and petitioner's sentence is not "grossly disproportionate" as a matter of law. See Edwards v. Napoli, No. 09-CV-103, 2011 WL 6329859, at *10 (E.D.N.Y. Dec. 16, 2011). Even if the Court were to review the length of petitioner's sentence, under the facts of this case, it would firmly reject the argument that his punishment is cruel and unusual.

    4.    Interested Witness Charge.

Finally, petitioner argues that the trial court erred in failing to instruct the jury that the People's witnesses may have been interested in the outcome of trial. Pet. Mem. at 36-41. Judge LaPera instructed the jury, in pertinent part:

> In determining the credibility of any witness, and the weight to be given by you to their testimony, you may consider the interest of the witness in the outcome of the trial.
>
> A witness is an interested witness, when by reason of relationship, friendship, or prejudice in favor of or against one party or the other, their testimony in your

14

> judgment is in fact biased, or likely biased or, toward the side or party they favor. If you find that any witness is an interested witness, you should consider such interest in determining the credibility of their testimony and that weight you should give to that testimony.
>
> The defendant testified in this case as a witness on his own behalf. A defendant is, of course, an interested witness, interested in the outcome of the trial.
>
> You may, as jurors, wish to keep such interest in mind in determining the credibility as to what weight you should give to the defendant's testimony.
>
> A disinterested witness, on the other hand, is one who has no interest in the outcome of the trial, a factor you may wish to consider in determining the credibility and weight to be given to this particular testimony.
>
> In summation, you should not reject the testimony of an interested witness merely because of such interest, nor should you accept the testimony of a disinterested witness merely because of such disinterest.

T874-75.

Petitioner argues that these instructions were erroneous because they were not "balanc[ed]" with an accompanying charge that witnesses for the prosecution may also have been interested. Pet. Br. at 36.

"A jury charge in a state trial is normally a matter of state law and is not reviewable on federal habeas corpus absent a showing that the alleged errors were so serious as to deprive defendant of a federal constitutional right." United States ex re. Smith v. Montanye, 505 F.2d 1355, 1359 (2d Cir. 1974). "Before a federal court may overturn a conviction resulting from a state trial in which this instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." Id. (quoting Cupp v. Naughten, 414 U.S. 141, 146, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)). "In making this determination, the habeas court must consider the whole jury charge in the context of all the

15

charges given and the events at trial." Bonton v. Ercole, No. 08-CV-526, 2008 WL 3851938, at *14 (E.D.N.Y. Aug. 18, 2008) (internal quotation marks and citation omitted).

The failure to instruct the jury in this manner did not violate any right guaranteed to petitioner by the Fourteenth Amendment. The instruction, as given, "permitted the defense to effectively present its argument," and defense counsel had ample opportunity to cross-examine the prosecution's witnesses in order to uncover any potential "interest." Petitioner has not shown that he was deprived of any right guaranteed by the Fourteenth Amendment. See McCaskell v. Keane, 97-CV-2999, 2001 WL 840331, at *10 (S.D.N.Y. Jul. 26, 2001); see also Charlton v. Perez, No. 07-CV-1795, 2010 WL 2653331, at *10-11 (E.D.N.Y. June 25, 2010); Bonton, 2008 WL 3851938; Hoover v. Leonardo, No. 91-CV-1211, 1996 WL 1088204, at *8 (E.D.N.Y. June 11, 1996) ("Even if this single omission of an interested witness charge from a lengthy jury instruction was improper, this error did not result in a due process violation. There was simply too much evidence against petitioner for the omission of an interested witness charge to cast any doubt on the outcome.")

III. Conclusion

For the foregoing reasons, Madrid's petition for a writ of habeas corpus is denied in its entirety. As petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008). Petitioner may seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. In accordance with Federal Rule of Civil Procedure 77, the Clerk of Court shall serve a

copy of this order upon all parties, including petitioner at his last known address.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: March 13, 2012
Central Islip, New York